# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PAMELA BHIM,

    Plaintiff,

v.

                        CASE NO. 09-CV-21754

RENT-A-CENTER, INC.

    Defendant.

### DECLARATION OF STEVEN A. SPRATT

I, STEVEN A. SPRATT, hereby declare as follows:

1. My name is STEVEN A. SPRATT. I am employed by Rent-A-Center as Sr. Director of Compensation and Benefits and am the Custodian of Records for Rent-A-Center. As a result of my job duties, I am personally familiar with Rent-a-Center's policy regarding arbitration.

2. As custodian of records, I have also reviewed certain personnel records of Plaintiff Pamela Bhim.

3. Rent-A-Center is in the rent-to-own business. We operate stores throughout the United States and rent and sell goods that are transported across state lines.

4. Since on or about July 2000, Rent-A-Center has required all employees to agree to arbitrate all past, present, and future disputes. Since on or about September 2001, RAC has also required all employees who receive promotions to agree to arbitrate all past, present, and future disputes. The agreement explicitly covers discrimination and tort claims, among other potential claims.

DECLARATION OF STEVEN A. SPRATT  -1-

5. A true and correct copy of the signature page of the Mutual Agreement to Arbitrate Claims between Pamela Bhim and Rent-A-Center, dated November 17, 2006, is attached hereto as Exhibit "1".

6. The signature page of Bhim's Arbitration Agreement contains her signature and specifically states: "I ACKNOWLEDGE THAT I HAVE CAREFULLY READ THIS FIVE (5) PAGE MUTUAL AGREEMENT TO ARBITRATE CLAIMS."

7. The attached document is kept by Rent-A-Center in the regular course of business, and it was the regular course of business of Rent-A-Center for an employee or representative of Rent-A-Center, with knowledge of the event, act, condition, or opinion, recorded, to make the report or to transmit information thereof to be included in such report.

8. It is the policy and practice of Rent-A-Center to present an entire Arbitration Agreement to an employee for review and signature. Periodically, however, the store at which the employee works only sends the signature page to corporate headquarters. For that reason, sometimes the personnel file does not contain all pages of the Arbitration Agreement.

9. Attached hereto as Exhibit "2" is an entire copy of the Arbitration Agreement that Rent-A-Center used in November 2006, the date that Pamela Bhim signed her Arbitration Agreement.

10. I declare under penalty of perjury, under the laws of the United States that the foregoing two page declaration is true and correct to the best of my knowledge.

Executed this the 14 day of August, 2009.

_____
STEVEN A. SPRATT

DECLARATION OF STEVEN A. SPRATT -2-

# EXHIBIT A-1

FROM : HOME CHOICE          FAX NO. : 9549787000          Nov. 17 2006 08:58PM  P2

103304

### CONSIDERATION

The promises by the Company and by me to arbitrate differences, rather than litigate them before courts or other bodies, provide consideration for each other.

### AT WILL EMPLOYMENT

This Agreement does not in any way alter the "at-will" status of my assignment/employment.

### AGREEMENT

I ACKNOWLEDGE THAT I HAVE CAREFULLY READ THIS FIVE (5) PAGE MUTUAL AGREEMENT TO ARBITRATE CLAIMS; THAT I UNDERSTAND ITS TERMS; THAT ALL UNDERSTANDINGS AND AGREEMENTS BETWEEN THE COMPANY AND ME RELATING TO THE SUBJECTS COVERED IN THE AGREEMENT ARE CONTAINED IN IT; AND THAT I HAVE ENTERED INTO THE AGREEMENT AND NOT IN RELIANCE ON ANY PROMISES OR REPRESENTATIONS BY THE COMPANY OTHER THAN THOSE CONTAINED IN THIS AGREEMENT ITSELF. I UNDERSTAND THAT BY SIGNING THIS AGREEMENT I AM GIVING UP MY RIGHT TO A JURY TRIAL AND THAT PURSUANT TO THE TERMS OF THIS AGREEMENT, I AM AGREEING TO ARBITRATE CLAIMS.

I FURTHER ACKNOWLEDGE THAT I HAVE BEEN GIVEN THE OPPORTUNITY TO DISCUSS THIS AGREEMENT WITH MY PRIVATE LEGAL COUNSEL AND HAVE AVAILED MYSELF OF THAT OPPORTUNITY TO THE EXTENT I WISH TO DO SO.

_____          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
APPLICANT/EMPLOYEE SIGNATURE          SOCIAL SECURITY NUMBER

Pamela Bhim                                  11-17-06
PRINT NAME                                    DATE


_____          STORE MANAGER
SIGNATURE OF AUTHORIZED COMPANY          TITLE OF REPRESENTATIVE
REPRESENTATIVE

MUTUAL AGREEMENT TO ARBITRATE CLAIMS                           Page 5 of 5
Revised 10/30/06
Coworker – Keep Original  /  Manager – Fax copy of all five pages to Home Office

# EXHIBIT A-2

RENT-A-CENTER, INC.

# MUTUAL AGREEMENT TO ARBITRATE CLAIMS

I recognize that differences may arise between Rent-A-Center, Inc. (the "Company") and me during or following my application/assignment/employment, including any/or all periods of employment with the Company and/or separation therefrom, and that those differences may or may not be related to my application/assignment/employment. I understand and agree that by entering into this Agreement to Arbitrate Claims ("Agreement"), I anticipate gaining benefits of a speedy, impartial, final, and binding dispute-resolution procedure.

I understand that any reference in this Agreement to the Company will be a reference also to all parent, subsidiary, partners, divisions, and affiliated entities, and/or any companies that are acquired by the Company or its subsidiaries, parents, partners, divisions, or affiliates, and all benefit plans, the benefit plans' sponsors, fiduciaries, administrators, affiliates, and all successors and assigns of any of them.

Except as provided in this Agreement, the Federal Arbitration Act (9 U.S.C. § 1 et seq.) shall govern interpretation, enforcement, and all proceedings pursuant to this Agreement.

## CLAIMS COVERED BY THE AGREEMENT

The Company and I mutually consent to the resolution by arbitration of all claims or controversies ("claims"), past, present or future, including without limitation, claims arising out of or related to my application for employment, assignment/employment, and/or the termination of my assignment/employment that the Company may have against me or that I may have against any of the following: (1) the Company, (2) its officers, directors, employees, or agents in their capacity as such or otherwise, (3) the Company's parent, subsidiary, and affiliated entities, (4) the benefit plans or the plans' sponsors, fiduciaries, administrators, affiliates, and agents, and/or (5) all successors and assigns of any of them.

The only claims that are subject to arbitration are those that, in the absence of this Agreement, would have been justiciable under applicable state or federal law. The claims covered by this Agreement include, but are not limited to: claims for unfair competition and violation of trade secrets; claims incidental to the employment relationship but arising after that relationship ends (for example, claims arising out of or related to post-termination defamation or job references, claims arising out of or related to any employee-purchase disputes, and claims arising out of or related to post-employment retaliation); claims for wages or other compensation due; claims for breach of any contract or covenant (express or implied); tort claims for discrimination (including, but not limited to race, sex, sexual harassment, sexual orientation, religion, national origin, age, workers' compensation, marital status, medical condition, handicap or disability); claims for benefits (except claims under an employee benefit or pension plan that either (1) specifies that its claims procedure shall culminate in an arbitration procedure different from this one, or (2) is underwritten by a commercial insurer which decides claims); claims arising from the rental and/or purchase of property from the Company; and claims for violation of any federal, state or other governmental law, statute, regulation, or ordinance, except claims excluded in the section of this Agreement entitled "Claims Not Covered by the Agreement."

Except as otherwise provided in this Agreement, both the Company and I agree that neither of us shall initiate or prosecute any lawsuit or adjudicative administrative action (other than an administrative charge of discrimination to the Equal Employment Opportunity Commission or an administrative charge within the jurisdiction of the National Labor Relations Board) in any way arising out of or related to any claim covered by this Agreement. Nothing herein shall be construed to relieve any party of the duty to exhaust administrative remedies by filing a charge or complaint with an administrative agency and obtaining a right to sue notice, where otherwise required by law.

## CLAIMS NOT COVERED BY THE AGREEMENT

Claims I may have for workers' compensation benefits and unemployment compensation benefits are not covered by this Agreement. Also not covered are claims brought in small claims court, or my state's equivalent court, so long as such claims are brought only in that court. If any such claim is transferred or appealed to a different court, the Company or I may require arbitration,

and the conduct of any party during the small claims, or equivalent, proceeding shall not be a ground for waiver of the right to arbitrate.

### CLASS ACTION WAIVER

There will be **no** right or authority for any dispute to be brought, heard, or arbitrated as a class, mass or collective action, consolidated action, private attorney general action, or in a representative capacity on behalf of any other person. Nor shall the Arbitrator have any authority to hear or arbitrate any such dispute. Regardless of anything else in this Agreement and/or any rules or procedures that might otherwise be applicable by virtue of this Agreement or by virtue of any arbitration organization rules or procedures that now apply or any amendments and/or modifications to those rules, the enforceability and validity of the Class Action Waiver may be determined only by a court and not by an arbitrator.

### TIME UNITS FOR COMMENCING ARBITRATION AND REQUIRED NOTICE OF ALL CLAIMS

The Company and I agree that the aggrieved party must give written notice of any claim to the other party no later than the expiration of the statute of limitations (deadline for filing) that the law prescribes for the claim. Otherwise, the claim shall be void and deemed waived. The parties are encouraged to give written notice of any claim as soon as possible after the event or events in dispute so that arbitration of any differences may take place promptly.

Written notice to the Company, or its officers, directors, employees or agents, shall be sent to its home office to the attention of the Legal Department. I will be given written notice at the last address provided in writing to the Company. The written notice shall identify and describe the nature of all claims asserted and the facts upon which such claims are based and the relief or remedy sought. The notice shall be sent to the other party by certified or registered mail, return receipt requested, and first class mail.

### REPRESENTATION

Any party may be represented by an attorney or other representative selected by the party.

### DISCOVERY

Each party shall have the right to take the deposition of one individual and any expert witness designated by another party. Each party also shall have the right to propound requests for production of documents to any party. The subpoena right specified below shall be applicable to discovery pursuant to this paragraph. The Arbitrator shall have exclusive authority to consider and enter orders concerning any issue arising related to the quantity or conduct of discovery. Each party to this Agreement can petition and/or request that the Arbitrator allow additional discovery and additional discovery may be conducted pursuant to the parties' mutual stipulation or as ordered by the Arbitrator to the extent the Arbitrator determines there is good cause therefore.

### DESIGNATION OF WITNESSES

At least thirty (30) days before the arbitration, the parties must exchange lists of witnesses, including any experts, and copies of all exhibits intended to be used at the arbitration.

### SUBPOENAS

Each party shall have the right to subpoena witnesses and documents for the arbitration, as well as documents relevant to the case from third parties.

### OFFER OF JUDGMENT

Unless required otherwise by law (including the common law), a party to an arbitration proceeding under this Agreement may make an offer of judgment in a manner consistent with, and with the time limitations, consequences, and effects provided in Rule 68 of the Federal Rules of Civil Procedure. The offer shall be served on the offeree in the same manner in which other papers are served in the arbitral proceeding. The offer shall not be served on the Arbitrator, except that if the offer is accepted, either party may then file with the Arbitrator the offer and notice of acceptance together with proof of service thereof. The Arbitrator shall then

immediately render an award as provided by the offer, and the arbitration proceedings shall then be terminated. If the offer is not accepted, the offer shall not be used as evidence in the arbitration proceedings and, following the issuance of the Arbitrator's award, the offeror may file a motion for costs with the Arbitrator, who shall retain jurisdiction to decide the motion and award costs to the offeror as warranted.

### ARBITRATION PROCEDURES

The arbitration will be held under the auspices of either the American Arbitration Association ("AAA"), Judicial Arbitration & Mediation Services/Endispute ("J·A·M·S"), National Arbitration Forum ("NAF"), or any other service to which the parties agree, with the designation of the sponsoring organization to be made by the party who did not initiate the claim.

The Company and I agree that, except as provided in this Agreement, any arbitration shall be in accordance with the then-current National Employment Arbitration Procedures of the AAA or equivalent (if AAA is designated), the then-current J·A·M·S Employment Arbitration Rules or equivalent (if J·A·M·S is designated), the then current NAF Code of Procedure (if NAF is designated), or the applicable rules of any other service to which the parties mutually agree. However, nothing in said rules or procedures and/or any modification thereto shall affect the enforceability and validity of the Class Action Waiver, including but not limited to, the provision that the enforceability of the Class Action Waiver may be determined only by a court and not by an Arbitrator. Unless the parties jointly agree otherwise, the Arbitrator shall be either a retired judge, or an attorney who is experienced in employment law and licensed to practice law in the state in which the arbitration is convened (the "Arbitrator"). Unless the parties jointly agree otherwise, the arbitration shall take place in or near the city in which I am or was last employed by the Company. The Arbitrator shall be selected as follows: The service selected shall give each party a list of eleven (11) arbitrators drawn from its panel of arbitrators. Each party shall have ten (10) calendar days from the postmark date on the list to strike all names on the list it deems unacceptable. If only one common name remains on the lists of all parties, that individual shall be designated as the Arbitrator. If more than one common name remains on the lists of all parties, the parties shall strike names alternately from the list of common names until only one remains. The party who did not initiate the claim shall strike first. If no common name remains on the lists of all parties, the selected service shall furnish an additional list of eleven (11) arbitrators from which the parties shall strike alternately, with the party initiating the claim striking first, until only one name remains. That person shall be designated as the Arbitrator.

The Arbitrator shall apply the substantive law including, but not limited to, applicable statutes of limitations (and the law of remedies, if applicable) of the state in which the claim arose, or federal law, or both, as applicable to the claim(s) asserted. The Arbitrator is without jurisdiction to apply any different substantive law or law of remedies. The Federal Rules of Evidence shall apply.

The Arbitrator shall have jurisdiction to hear and rule on pre-hearing disputes and is authorized to hold pre-hearing conferences by telephone or in person, as the Arbitrator deems necessary. The Arbitrator shall have the authority to entertain a motion to dismiss and/or a motion for summary judgment by any party and shall apply the standards governing such motions under the Federal Rules of Civil Procedure and applicable federal common law.

Any party, at its expense, may arrange for and pay the cost of a court reporter to provide a stenographic record of proceedings. Should any party refuse or neglect to appear for, or participate in, the arbitration hearing, the Arbitrator shall have the authority to decide the dispute based upon whatever evidence is presented. Any party, upon request at the close of hearing, shall be given leave to file a post-hearing brief. The time for filing such a brief shall be set by the Arbitrator.

The Arbitrator shall render an award by written opinion no later than thirty (30) days from the date the arbitration hearing concludes or the post-hearing briefs (if requested) are received, whichever is later. The opinion shall be in writing and include the factual and legal basis for the award.

Any party shall have the right, within twenty (20) days of issuance of the Arbitrator's opinion, to file with the Arbitrator a motion to reconsider (accompanied by a supporting brief), and the other party shall have twenty (20) days from the date of the motion to respond. The Arbitrator thereupon shall reconsider the issues raised by the Motion and promptly either confirm or change the decision, which (except as provided by this Agreement) shall then be final and conclusive upon the parties.

### JUDICIAL REVIEW

Any party may bring an action in any court of competent jurisdiction to compel arbitration under this Agreement and to enforce an arbitration award. A party opposing enforcement of an award, may bring a separate action in any court of competent jurisdiction to set aside the award, where, if permitted by law, the standard of review will be the same as that applied by an appellate court reviewing a decision of a trial court sitting without a jury. In a jurisdiction where such expanded judicial review is not permitted by law, a party opposing enforcement of an award shall be entitled to such review as allowed by that jurisdiction's laws, including, for example, where permitted by law, a petition to vacate the arbitration award.

### ARBITRATION FEES AND COSTS

The party initiating the claim shall pay the filing fee required by the rules of the organization which sponsors the Arbitration. If the employee is the party who initiates the claim, the filing fee will be consistent with the fee which, in the absence of this Agreement, would have been required if the claim had been filed in a court of competent jurisdiction, or $125.00, whichever is less. If the filing fee is greater than the amount required to be paid by the employee, the Company will pay the balance of the filing fee. I understand that, if I cannot afford it, I may request a waiver of the filing fee. This request must be made at the same time I first initiate my claim. In such a case, I will not be required to pay the filing fee until the Arbitrator decides whether the fee shall be waived. I understand that the Arbitrator may request financial or other information from me to determine whether the filing fee shall be waived. If the filing fee is required to be paid in advance of this decision, the Company will make this payment pending the determination of whether I shall be required to pay it. If the Arbitrator decides that the filing fee will not be waived, I will be required to pay the fee promptly after that decision to avoid having my claim dismissed.

The Company in all cases where required by law (including the common law) will pay the Arbitrator's and arbitration fees and costs. If under applicable law, the Company is not required to pay the Arbitrator's and/or arbitration fees and costs, such fees and costs will be equally shared between the Company and I. The Arbitrator shall determine all factual and legal issues regarding the payment and/or apportionment of said fees and costs.

Each party shall pay for its own costs and attorneys' fees, if any. However, if any party prevails on a claim which affords the prevailing party attorneys' fees, or if there is a written agreement providing for fees, the Arbitrator may award reasonable fees to the prevailing party as provided by law.

In the event the law (including the common law) of the jurisdiction in which the arbitration is held requires a different allocation of fees and costs in order for this Agreement to be enforceable, then such law shall be followed.

### INTERSTATE COMMERCE

I understand and agree that the Company is engaged in transactions involving interstate commerce.

### SOLE AND ENTIRE AGREEMENT

This is the complete agreement of the parties on the subject of arbitration of disputes. This Agreement to arbitrate shall survive the termination of my assignment/employment and the expiration of any benefit. This Agreement supersedes any prior or contemporaneous oral or written understandings on the subject. No party is relying on any representations, oral or written, on the subject of the effect, enforceability, or meaning of this Agreement, except as specifically set forth in this Agreement. All remaining provisions shall remain in full force and effect.

### CONSTRUCTION

If any provision of this Agreement is adjudged to be void or otherwise unenforceable, in whole or in part, such adjudication shall not affect the validity of the remainder of the Agreement. All remaining provisions shall remain in full force and effect. A waiver of one or more provisions of this Agreement by any party shall not be a waiver of the entire Agreement.

### CONSIDERATION

The promises by the Company and by me to arbitrate differences, rather than litigate them before courts or other bodies, provide consideration for each other.

**AT WILL EMPLOYMENT**

This Agreement does not in any way alter the "at-will" status of my assignment/employment.

**AGREEMENT**

I ACKNOWLEDGE THAT I HAVE CAREFULLY READ THIS FIVE (5) PAGE MUTUAL AGREEMENT TO ARBITRATE CLAIMS; THAT I UNDERSTAND ITS TERMS; THAT ALL UNDERSTANDINGS AND AGREEMENTS BETWEEN THE COMPANY AND ME RELATING TO THE SUBJECTS COVERED IN THE AGREEMENT ARE CONTAINED IN IT; AND THAT I HAVE ENTERED INTO THE AGREEMENT AND NOT IN RELIANCE ON ANY PROMISES OR REPRESENTATIONS BY THE COMPANY OTHER THAN THOSE CONTAINED IN THIS AGREEMENT ITSELF. I UNDERSTAND THAT BY SIGNING THIS AGREEMENT I AM GIVING UP MY RIGHT TO A JURY TRIAL AND THAT PURSUANT TO THE TERMS OF THIS AGREEMENT, I AM AGREEING TO ARBITRATE CLAIMS.

I FURTHER ACKNOWLEDGE THAT I HAVE BEEN GIVEN THE OPPORTUNITY TO DISCUSS THIS AGREEMENT WITH MY PRIVATE LEGAL COUNSEL AND HAVE AVAILED MYSELF OF THAT OPPORTUNITY TO THE EXTENT I WISH TO DO SO.

_____      _____
APPLICANT/EMPLOYEE SIGNATURE              SOCIAL SECURITY NUMBER

_____      _____
PRINT NAME                                DATE

_____      _____
SIGNATURE OF AUTHORIZED COMPANY           TITLE OF REPRESENTATIVE
REPRESENTATIVE